**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ APR 2 9 2009 ★

LONG ISLAND OFFICE

OSAMA HAZZA SALEH,

Plaintiff,

Docket No.:

- against -

**COMPLAINT**

PRETTY GIRL, INC., JAMES ROBINSON, in his
individual and official capacity, and ALBERT NIGRI,
in his individual and official capacity,

Defendants.

**CV - 09   1769**

**TRAGER, J.**

**REYES, JR. M.**

Plaintiff, by and through his attorneys, The Law Offices of Frederick K. Brewington, as

and for his Complaint against the Defendants, respectfully sets forth:

<u>INTRODUCTION</u>

1.      This is an action seeking monetary relief (including past and ongoing economic

loss), compensatory and punitive damages, disbursements, costs, and fees, for violations of

Plaintiffs' rights brought pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000(e) et seq. (as amended), New York Executive Law § 296, Battery, Assault,

Negligence, Vicarious Liability, Break of Contract, Intentional Infliction of Emotional Distress,

Negligent Infliction of Emotional Distress.

2.      The Plaintiff alleges that the Defendants wantonly, reckless, negligently,

knowingly, and purposefully, acting individually and collectively, sought to and did deprive

Plaintiff of his employment, position, title and pay through acts of assault, harassment,

discrimination, and abuse.

3.     The Plaintiff alleges that the Defendants intentionally and purposefully discriminated against Plaintiff based on his perceived race, ethnicity, national origin, and religion.

4.     Said acts were done with consent and condonation of ALBERT NIGRI and PRETTY GIRL, INC., its agents and employees, with the intended, implied, and expressed purpose of violating the rights of Plaintiff as protected by the Constitutions to the United States and State of New York, and other State and Federal laws, rules and regulations.  Said acts were known to Defendants, their agents and employees, and was committed, encouraged, accepted and supported without regard for the damage and injuries which would result.

<u>JURISDICTION AND VENUE</u>

5.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1334.

6.     This Court is requested to exercise pendant jurisdiction with respect to Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

7.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the unlawful employment practices complained of herein occurred in the County of Kings.

8.     On January 29, 2009, the Equal Employment Opportunity Commission issued a Notice of Right to Sue within 90 days, under charge no.: 520-2008-03514 (Copy annexed hereto as Exhibit A). As of the filing date of this Complaint, 90 days has not yet passed.

## PARTIES

9.       Plaintiff OSAMA H. SALEH (hereinafter "PLAINTIFF" or "MR.SALEH") was born and raised in the country of Yemen.  Mr. Saleh is Muslim and thus adheres to the religion of Islam.   Mr. Saleh is 22 years of age, having been born on February 17, 1987.   He currently resides in the County of Queens, and was employed by Defendants for the years 2006 and 2007.

10.       Defendant PRETTY GIRL, INC., (hereinafter "PRETTY GIRL") is, upon information and belief, a retail clothing company, headquartered in Brooklyn, New York, with retail locations throughout the tristate area. Specifically, the store at issue is located at 441 Knickerbocker Avenue, Brooklyn, NY, 11237.

11.       Defendant JAMES ROBINSON (hereinafter "ROBINSON") is a black man and was at all relevant times to the Complaint herein an employee at PRETTY GIRL, and is being sued in his official and individual capacities.

12.       Defendant ALBERT NIGRI (hereinafter "NIGRI") was at all relevant times an employee, supervisor and decision-maker that had authority to discipline, supervise, hire and terminate employees present at PRETTY GIRL during the alleged incidents herein, and is now being sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

13.       MR. OSAMA SALEH was first employed with PRETTY GIRL in the year 2006, along with his brother Muhammad.

14.     After a series of abusive situations during which Muhammad was threatened, demeaned, humiliated, discriminated against and abused, Muhammad ended his employment at PRETTY GIRL in or around August of 2007, however PLAINTIFF remained at PRETTY GIRL until on or about September 5, 2007.

15.     At PRETTY GIRL, PLAINTIFF was assigned to work in both stock and sales. He earned approximately $6.75 per hour when he started, and reached $7.15 by the time he separated from his employment there.

16.     Throughout PLAINTIFF'S approximately 18 month employment at PRETTY GIRL, ROBINSON, a black male, frequently and consistently, harassed, discriminated against, abused, threatened and intimidated PLAINTIFF because of his race, color, ethnicity, national origin and religion.

17.     Throughout the year of 2006, up to and including the date of the incident herein, ROBINSON repeatedly called MR. SALEH **"bin Laden."**  Upon information and belief, "bin Laden" was intended to be a derogatory reference that identified PLAINTIFF as being and/or implied an affiliation with the ideology of terrorism and/or participation in acts of terrorism. ROBINSON'S reference illustrated disparate  treatment; it was chosen to be used solely because of MR. SALEH'S Yemen background, and to threaten and intimidate him.  By equating MR. SALEH with "bin Laden" because of his perceived race, color, ethnicity, national origin and religion, ROBINSON caused MR. SALEH to suffer great emotional distress and fear.

18.     During this time, MR. SALEH'S work environment became hostile as it was riddled with racial animus. In addition to constantly being called "**bin Laden**," ROBINSON directed statements at him including, but not limited to, "**Go back to your country**," "**I hate Arabs**," "**Why are you here, you're not American**," "**Dirty Arab**," and "**Muslim Terrorist**," which are abusive and highly offensive remarks.  ROBINSON intended to and succeeded in causing MR. SALEH to  fear for his physical and emotional well being with such disparate remarks.  ROBINSON  directed  these  comments  toward  and  about  PLAINTIFF  and PLAINTIFF'S brother before his brother was forced to resign.  In addition, ROBINSON would make threatening physical gestures towards MR. SALEH causing him to fear for his physical safety. These gestures included throwing fake punches; thrusting his body at the PLAINTIFF with his chest first; and, getting into PLAINTIFF'S face with his face.

19.     Before September 5, 2007, MR. SALEH complained to the store manager and supervisor, ALBERT NIGRI, a white male, numerous times that he was often being mistreated and intimidated by ROBINSON.  MR. SALEH told NIGRI that ROBINSON threatened him with bodily harm.  Upon information and belief, NIGRI was familiar with ROBINSON'S violent tendency, as he himself was once confronted with an attempt by ROBINSON to cause him physical harm.

20.     After MR. SALEH'S last request of many to NIGRI asking him to transfer ROBINSON or take action because ROBINSON planned to hurt him and he feared for his life, NIGRI said not to worry about it.  No matter how often MR. SALEH  asked NIGRI to take

action, he never did anything and never took any action to ensure MR. SALEH'S safety and prevent the aforementioned and discriminatory behavior herein.

21.     Soon after MR. SALEH'S last complaint to NIGRI about ROBINSON, ROBINSON confronted him in the PRETTY GIRL stock room on or about September 5, 2007.

22.     On that day, MR. SALEH went into the stock room to retrieve an item for a customer and ROBINSON said to him, "**bin Laden, come and take my place. I need to go to the bathroom**." MR. SALEH told ROBINSON that he would not until ROBINSON spoke to him properly. ROBINSON said, "**I'm going to report you to the police**," which was an obvious effort by ROBINSON to suggest that MR. SALEH was acting in an unlawful manner solely because of his race, color, ethnicity, national origin and religion.

23.     Without notice, ROBINSON wrongly and unjustifiably punched MR. SALEH knocking him down and rendering him unconscious.

24.     When MR. SALEH awoke, ROBINSON was standing over him in an intimidating and threatening manner causing him to further fear for his safety and life.

25.     MR. SALEH staggered to his feet and immediately went to NIGRI urgently seeking and expecting he would call the police because MR. SALEH was just a victim of a violent assault and hate crime in NIGRI'S store, but NIGRI refused to call both the police and ambulance. When asked about the brutal assault on MR. SALEH, ROBINSON told NIGRI that MR. SALEH was lying. MR. SALEH then desperately for help called his father because it was clear that he was not going to receive help from his supervisor or PRETTY GIRL following the

unjustifiable and unprovoked hate, abuse, and severe harm he suffered from the other employee there.

26.     Soon thereafter, MR. SALEH'S father arrived and called the police, and ROBINSON was eventually arrested and criminally charged with assault.  Upon information and belief, ROBINSON recently pled guilty to a criminal charge of assault.  Immediately after the incident, MR. SALEH was taken to Wychoff Heights Medical Center by ambulance, where he remained for approximately one week due to the severe and extreme injuries he suffered and continues to suffer from ROBINSON'S attack.

27.     MR. SALEH'S physical injuries included, but were not limited to, a fracture in his cheek region and/or on his orbital bone, which required surgery,  and head injury that has caused reoccurring hearing problems from which he still presently suffers, along with other medical complications, symptoms, and conditions.

28.     PRETTY GIRL continued to condone the bias related and hateful conduct of ROBINSON because rather than take disciplinary action against ROBINSON, who wrongfully abused and battered PLAINTIFF solely because of his race, color, ethnicity, national origin and religion, PRETTY GIRL, upon information and belief, merely transferred ROBINSON to a store at a different location rather than discipline him.

29.     For fear of his safety, MR. SALEH never returned to work at PRETTY GIRL. The hostile,  race-based hate that he experienced adversely affected his employment.  NIGRI did nothing in the face of his multiple complaints and instead he allowed ROBINSON to harm him

after knowing ROBINSON'S tendency for violence and after failing to heed MR. SALEH'S serious requests and complaints. PRETTY GIRL and NIGRI'S failure to act and failure to reprimand ROBINSON fostered a hostile work environment and a permissive environment of race-based hate and discrimination, thereby allowing ROBINSON to retaliate against MR. SALEH subsequent to his numerous complaints to the supervisor, NIGRI.

30.   PLAINTIFF was subjected to this abuse because of his skin tone, Yemeni background and religious beliefs. He objected to being treated this way and made it clear that he did not want any type of discriminatory or abusive actions taken against him.

31.   DEFENDANTS have engaged in unlawful discriminatory and abusive practices related to public employment against Plaintiff because of Plaintiff race, color, ethnicity, national origin and religion, all in violation of State and Federal statutes. As a result of the embarrassment, humiliation and injuries to which PLAINTIFF received, the resulting permanent physical and emotional strain and DEFENDANTS' failure to address his concerns, PLAINTIFF was forced to resign from his position with PRETTY GIRL.

## AS AND FOR COUNT ONE
### TITLE VII, 42 U.S.C. 2000e

32.   Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 31 with the same force and effect as though fully set forth herein.

33.   Defendants ROBINSON, NIGRI, and PRETTY GIRL, through its agents and employees, discriminated against Plaintiff based on Plaintiff's race, color, ethnicity, national origin and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as

-8-

amended.

34.     Plaintiff is brown skinned, as he hails from the country of Yemen, and thus he belongs to a protected class.

35.     As alleged above, Plaintiff was subjected to disparate treatment in the form of threats, assault, harassment, and intimidation by Defendant PRETTY GIRL, its agents and employees, including supervisor NIGRI.

36.     Defendant NIGRI utilized his authority and power as a supervisor to encourage, support and allow Plaintiff to be threatened, assaulted, harassed, and intimidated by Defendant ROBINSON, thereby allowing Plaintiff's working environment to become adverse.

37.     While Plaintiff recognizes that individuals have not generally been held liable under Title VII. However, district courts within this circuit have held that "individual supervisory employees may be named in [their] official capacit[ies] as agents of an 'employer,' if [they] 'participated in the decision making process that forms the basis of the discrimination.'" Jones v. Inter-County Imaging Center, 889 F.Supp. 741, 745, 1995 U.S. Dist. LEXIS 8661, [S.D.N.Y. June 16, 1995] (*quoting* Bostick v. Rappleyea, 629 F.Supp. 1328, 1334 [N.D.N.Y.1985], aff'd without opinion sub nom., Bostick v. Cochrane, 907 F.2d 144 [2d Cir.1990]. In this case, Defendant NIGRI could hire and fire, and he had supervisory and/or decision-making authority and participated in the decision making processes that led to various violations of Plaintiff's respective rights. As such, there exists a good faith basis to hold

NIGRI liable under Title VII.

38.    Defendants PRETTY GIRL and NIGRI, subjected Plaintiff to an adverse work environment by failing and/or refusing to provide a safe environment and to employ procedures to prevent and deal with the discriminatory, disparate, and abusive threats, harassment, and intimidation by Defendant ROBINSON.

39.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great embarrassment, fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

40.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT TWO
### 42 U.S.C. § 1981

41.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 40 with the same force and effect as though fully set forth herein.

42.    The acts alleged herein by Defendants PRETTY GIRL, NIGRI, and ROBINSON were performed with racial motivation in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1964 (as amended).

-10-

43.     Defendants continued the aforesaid discriminatory and retaliatory treatment of Plaintiff on a continuous and ongoing basis throughout Plaintiff's employment at PRETTY GIRL because of Plaintiff's race, color, ethnicity, national origin and religion.

44.     Plaintiff holds the right to make and enforce his employment contract and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

45.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

46.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR COUNT THREE
### NEW YORK EXECUTIVE LAW § 296
### PENDENT JURISDICTION

47.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 46 with the same force and effect as though fully set forth herein.

48.     The above discriminatory  patterns  and  practiced  based  on race and color by Defendants ROBINSON, NIGRI, and PRETTY GIRL, its agents and   employees,  violates

New York State Executive Law § 296.

49.     Because of Plaintiff's race, color, ethnicity, national origin and religion, he has been subjected to abuse and mistreatment as detailed above and has been treated differently than other individuals; in that, Plaintiff has been treated as stated herein because of his race, color, ethnicity, national origin, and religion.

50.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

51.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT FOUR
### BATTERY
### PENDENT JURISDICTION

52.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 51 with the same force and effect as though fully set forth herein.

53.     Defendant ROBINSON having illegally, unlawfully, and without justification, beat, battered and abused Plaintiff, violated the rights of Plaintiff as well as the laws of the

State of New York.

54.    Defendant ROBINSON wrongfully used physical force upon Plaintiff without permission to batter or abuse him at anytime.

55.    The actions of Defendant ROBINSON were intentional and aimed at causing Plaintiff great fear and humiliation and pain.

56.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

57.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT FIVE
### ASSAULT
### PENDENT JURISDICTION

58.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 57 with the same force and effect as though fully set forth herein.

59.    Defendant ROBINSON threatened Plaintiff with physical abuse/harm, and/or in otherwise menaced Plaintiff with verbal and physical threats of harmful and offensive

contact.

60.     Defendant made clear and effectuated his true intent to place Plaintiff in apprehension of imminent harmful or offensive contact, which was indeed carried out when the Defendant assaulted, touched, restrained, pulled, held, and otherwise abused Plaintiff without justifiable excuse or cause.

61.     Defendant wrongfully used physical force upon Plaintiff without permission or authority at any time. Defendant first subjected Plaintiff to harmful offensive contact when he beat, battered and/or other abused Plaintiff. Defendant's subsequent acts, as described above, were intentional and aimed at placing Plaintiff in fear of injury, humiliation and pain.

62.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

63.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

-14-

<u>AS AND FOR COUNT SIX</u>
NEGLIGENCE
PENDENT JURISDICTION

64.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 63 with the same force and effect as though fully set forth herein.

65.     The Defendants PRETTY GIRL, NIGRI, and ROBINSON owed Plaintiff a duty to protect him from discriminatory, abusive, and assaultive conduct.   The Defendants' discriminatory conduct was negligent, was a breach of duty, was extreme and outrageous, and was reasonably foreseeable that such conduct would cause Plaintiff to suffer severe emotional distress and mental anguish; Defendant ROBINSON did, in fact,  cause the Plaintiff to suffer severe physical and emotional distress.

66.     Defendants PRETTY GIRL and NIGRI, had a duty to exercise reasonable care in supervising, hiring and/or refraining from hiring its employees including but not limited to Defendant ROBINSON.

67.     Defendants PRETTY GIRL and NIGRI had a duty to place Defendant ROBINSON in a position that would not cause risk/harm or foreseeable risk/harm to the Plaintiff.

68.     Defendants PRETTY GIRL and NIGRI were negligent in failing to supervise its employees including but not limited to retaining ROBINSON as an employee, in failing to properly supervise its employees including but not limited to ROBINSON, and in failing to prevent ROBINSON from discriminating against, threatening, assaulting, beating, and abusing

Plaintiff while acting within the scope of their employment for PRETTY GIRL.

69.     As a result of the Defendants' negligent, reckless, and/or indifferent acts, Plaintiff was victimized by Defendants' employee ROBINSON and NIGRI.

70.     The type of harm sustained by the Plaintiff was foreseeable.

71.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

72.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR COUNT SEVEN
VICARIOUS LIABILITY
PENDENT JURISDICTION

73.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

74.     The Defendants PRETTY GIRL and NIGRI had an affirmative duty to prevent and cease the assault, battery, harassment, discriminatory, negligent, intentional and reckless acts of its employees, agents, and representatives, including co-Defendant ROBINSON, who

-16-

violated and injured Plaintiff, while performing within the scope of his duties.

75.     Defendants PRETTY GIRL and NIGRI had an affirmative duty to investigate, supervise and discipline its employees, and/or agent ROBINSON and prevent other wrongful acts that were committed against Plaintiff by Robinson, while acting within the scope of his employment/duties.

76.     In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to refrain from or prevent the physical abuse, battery, assault, harassment, discriminatory, negligent, intentional and reckless acts and other violations of Defendants.

77.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

78.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT EIGHT
### BREACH OF CONTRACT
### PENDENT JURISDICTION

79.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 78 with the same force and effect as though fully set forth herein.

80.     Defendant PRETTY GIRL extended an offer of employment to Plaintiff which carried the implied promise that Plaintiff would be treated fairly and in good faith; also, there was an implied promise that Plaintiff would not be discriminated against based on his race, color, ethnicity, national origin, and religion during the course of his employment with the Defendants.

81.     Defendants failed to protect Plaintiff from his co-worker and supervisor's callous and discriminatory code of conduct violations when there was no action taken to protect Plaintiff.

82.     Defendants' implied promises carried a duty to terminate the Plaintiff only in good faith.

68.     The Plaintiff accepted the offer of employment and its implied promises.

69.     The Plaintiff performed in a satisfactory manner throughout his employment with the Defendant PRETTY GIRL.

70.     The Defendants breach their implied promises when they wrongfully and constructively discharged Plaintiff by allowing the existence of an adverse work environment that caused the Plaintiff to suffer severe physical and emotional distress that discouraged him

-18-

from returning to PRETTY GIRL out of great fear for his health and safety.

83.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

84.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT NINE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

85.    Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 84 with the same force and effect as though fully set forth herein.

86.    Defendants PRETTY GIRL, NIGRI, and ROBINSON'S discriminatory treatment towards Plaintiff was intentional, reckless, extreme and outrageous; such conduct caused Plaintiff to suffer severe emotional distress.

87.    Said emotional harm was exacerbated when Defendants NIGRI and ROBINSON threatened, harassed, beat, battered, discriminated against, instilled great fear and terror and humiliated Plaintiff.

88.     Such acts were intentionally directed at Plaintiff by Defendants ROBINSON and NIGRI.

89.     Said conduct was extreme, outrageous, callous, malicious, and dangerous to the physical, mental and emotional well-being of Plaintiff.

90.      The Defendants knew that this conduct would cause severe and extreme emotional harm to Plaintiff.

91.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

92.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT TEN
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

93.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 92 with the same force and effect as though fully set forth herein.

94.     Defendants PRETTY GIRL, NIGRI, and ROBINSON'S discriminatory treatment

towards Plaintiff was negligent, reckless, extreme and outrageous; such conduct unreasonably endangered Plaintiff's physical safety and caused Plaintiff to fear for his own safety.

95.     Said emotional harm was exacerbated when Defendants NIGRI and ROBINSON threatened, harassed, beat, battered, discriminated against, instilled great fear and terror and humiliated Plaintiff.

96.     Said conduct was extreme, outrageous, callous, malicious, and dangerous to the physical, mental and emotional well-being of Plaintiff.

97.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

98.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

a.      First Count: in excess of $5,000,000.00  in compensatory damages, punitive damages and attorney's fees;

b.      Second Count: in excess of $5,000,000.00 in compensatory damages, punitive

damages and attorney's fees;

c.      Third Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

d.      Fourth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

e.      Fifth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

f.      Sixth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

g.      Seventh Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

h.      Eighth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

i.      Ninth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

j.      Tenth Count: in excess of $5,000,000.00 in compensatory damages, punitive damages and attorney's fees;

k.      Attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

l.      A declaratory judgment stating that Defendants wilfully violated Plaintiff's rights secured by federal and state laws as alleged herein;

m.      Injunctive relief: an injunction requiring Defendants to correct all present and past violations of federal laws as alleged herein; to enjoin the Defendants from continuing to act in violation of federal laws as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws; and

n.      An order granting such other legal and equitable relief as the court deems just and proper.

**_PLAINTIFF DEMANDS TRIAL BY JURY_**

Dated:      Hempstead, New York
               April 29, 2009

                             THE LAW OFFICES OF
                             FREDERICK K. BREWINGTON

By:                               
                             FREDERICK K. BREWINGTON
                             Attorneys for Plaintiff
                             50 Clinton Street, Suite 501
                             Hempstead, New York  11550
                             (516) 489-6959

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Osama Saleh
72 – 33 67th Street, # 3L
Glendale, New York 11385

Re:     Osama Saleh v. Pretty Girl Inc., d/b/a High Styles
        EEOC Charge No.: 520 – 2008 – 03513

Dear Mr. Saleh:

The EEOC has concluded its inquiry into your allegations of discrimination.  The Commission's Priority Charge Handling Procedures call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws that we enforce.  Our review of the evidence in your charge, including the information you provided, fails to indicate that a violation has occurred and it is not likely that additional investigation will result in our finding a violation.

You claim that you were discriminated against based on your race, color, religion, and national origin, all in violation of Title VII of the Civil Rights Act, as amended.

You allege that you were verbally abused, beaten by the store's security guard and hospitalized because of the fight.  Respondent asserts that you never complained internally about discrimination.  The Store management claims that it did not allow the security guard with whom you had a fight to return to work, never the less you quit.  Although we provided a copy of Respondent's position statement to your attorney and requested addition information, we received no rebuttal and no information to support your assertions or refute Respondent's position.  The evidence does not show discrimination under the Federal Laws that we enforce.

This determination concludes the processing of this charge.  Even though you may disagree, this determination and dismissal is final.  Enclosed is your Notice of Right to Sue, allowing you to file suit in Federal Court against Respondent, if you so choose.  You may file suit in Federal District Court using the Notice of Right to Sue within 90 days of your receipt of it.  Otherwise your right to sue will be lost.  The Commission cannot reinstate your right to sue if you or your representative fails to file suit in Federal District Court against Respondent within the 90 day statutory limit.

Cordially D. E. Young,

_____ On behalf of          1/29/2009
District Director                              Dated

cc:

Attn.: Arshad Majid, Esq.
Majid & Associates, PC
300 Rabro Drive, Suite 112
Hauppauge, New York 11788
Telephone: (631) 582 - 5558
Facsimile: (631) 582 - 5559

EEOC Form 161 (2/08)

**U.S. Equal Employment Opportunity Commission**

# Dismissal and Notice of Rights

| | |
|---|---|
| To: **Osama H. Saleh**<br>**72-33 67th Street, Apt. 3l**<br>**Glendale, NY 11385** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ On behalf of person(s) aggrieved whose identity is
  CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2008-03513** | **Hazel C. Stewart,**<br>**Supervisory Investigator** | **(212) 336-3776** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_Spencer Lewis_   1/29/2009

**Spencer H. Lewis, Jr.,**
**Director**

*(Date Mailed)*

cc: **PRETTY GIRL INC. D/B/A HIGH STYLES**
**c/o Mishaan Dayon & Lieblick**
**Attn.: Kenneth Lieblick**
**1370 Broadway, Suite 802**
**New York, NY 10018**

**Arshad Majid, Esq.**
**300 Rabro Drive, Suite 112**
**Hauppauge, NY 11788**